IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01576-BNB

DAVID E. EDMISTON,

    Applicant,

v.

JAMES E. ABBOTT, and
ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

    Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 19 2007

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, David E. Edmiston, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Edmiston submitted to the Court *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He has been granted leave to proceed *in forma pauperis* pursuant to § 1915.

On August 2, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Edmiston to show cause within thirty days why the habeas corpus application should not be denied for failure to exhaust state remedies. On August 27 and 31, 2007, Mr. Edmiston submitted his response and amended response respectively to the show-cause order.

The Court must construe liberally the application, the response to the show-cause order, and the amended response because Mr. Edmiston is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Edmiston alleges that he was convicted in Adams County, Colorado, district court Case No. 01CR1775 on charges of felony menacing and driving under the influence, and that he was sentenced to six years of imprisonment and two years of mandatory parole. He alleges that judgment was entered on April 3, 2002. He did not appeal from the judgment of conviction.

A review of this Court's docketing records reveals that Mr. Edmiston previously challenged his conviction in this Court. *See Edmiston v. People of the State of Colorado*, No. 05-cv-00053-ZLW (D. Colo. Mar. 25, 2005). As Magistrate Judge Boland informed Mr. Edmiston in the August 2, 2007, show-cause order, "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

In No. 05-cv-00053-ZLW, which was dismissed without prejudice for failure to exhaust state remedies, Mr. Edmiston alleged that he initiated three separate postconviction proceedings in state court. On March 26, 2003, he filed a postconviction

2

motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure in the Adams County District Court, which denied the motion on October 29, 2003. On July 15, 2004, he filed a motion pursuant to Colo. R. Crim. P. 35(a) in the Adams County District Court, which denied the motion on July 30, 2004. Approximately on August 5, 2004, he initiated an original proceeding in the Colorado Supreme Court by filing a motion for a writ of mandamus pursuant to Rule 21 of the Colorado Appellate Rules, which the state supreme court denied on August 30, 2004, without addressing the merits of his claims.

In the instant action, Mr. Edmiston alleges that he initiated two additional postconviction proceedings in state court. On March 1, 2007, he filed another Colo. R. Crim. P. 35(a) motion in Adams County District Court, which was denied on March 12, 2007, without a hearing. On May 28, 2007, he initiated an original proceeding in the Colorado Supreme Court by filing another motion for a writ of mandamus pursuant to Colo. App. R. 21, which the state supreme court denied on June 18, 2007, without addressing the merits of his claims. In the instant habeas corpus application, Mr. Edmiston asserts two claims.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

3

Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Edmiston contends in the application that he raised his claims in the Colorado Supreme Court in his motions for a writ of mandamus pursuant to Colo. App. R. 21. Mr. Edmiston has failed to exhaust state remedies because he did not present his claims to the Colorado Supreme Court fairly. As Mr. Edmiston previously was informed in No. 05-cv-00053-ZLW, initiating an original mandamus action in the state supreme court, in lieu of appealing from the denial of his postconviction motions, does not constitute exhaustion.

If a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). As previously stated, the state supreme court did not address the merits

4

of Mr. Edmiston's claims. Therefore, despite Mr. Edmiston's contentions to the contrary, he has failed to exhaust state remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed without prejudice for failure to exhaust state remedies.

DATED at Denver, Colorado, this 18 day of Sept., 2007.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01576-BNB

David E. Edmiston
Prisoner No. 112843
CTCF - Unit 7
PO Box 1010
Cañon City, CO 81215- 1010

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9-19-7

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk